MANUEL HERNÁNDEZ RUIZ, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1117. Submitted January 8, 1943.—Decided January 19, 1943.

*Buenaventura Esteves* for appellant. ■

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Pursuant to the provisions of §71 of the Municipal Law in force to the effect that lots built on land ceded by the municipalities in usufruct for indeterminate time may be sold by the municipalities to the usufructuary provided that such

sale shall be approved by two-thirds of the entire membership of the municipal assembly, the Municipality of San Sebastián, represented by its Mayor, sold to Manuel Hernández Ruiz one of said lots. In order to record his title, the purchaser presented to the Registrar of Property of Aguadilla deed No. 99 of October 30, 1942, executed before Notary Buenaventura Esteves, there being attached thereto a literal certificate of Ordinance No. 20 of the municipal assembly approved May 20, 1942, whereby for the purpose of said section of the Municipal Law, the assembly divided the public lands of the town into three zones, fixed the price of the lot of each one of them, and authorized the mayor to sell them in conformity with the provisions of said Act.

He also presented· an abridged certificate signed by the Secretary-Auditor in order to establish that the right to the use of the area of the lot in question had been granted to Hernández Ruiz prior to the approval of said ordinance.

The registrar refused to record the same and instead entered a cautionary notice for one hundred twenty days in favor of the purchaser on the ground that the· abridged certificate above referred to was insufficient to establish the granting of the use and enjoyment of the lot.

From this decision the present appeal has been taken and petitioner alleges that the certificate is sufficient but in the event that it were not so, that the defect is curable.

 The certificate by its form is insufficient. Section 431 of the Code of Civil Procedure (1933 ed.) provides in its pertinent part as follows:

"Section 431.—Other official documents may be proved as follows:
"* * * * * * *
"5. Acts of a municipal corporation of Puerto Rico, or of a board or department thereof, by a copy certified by the legal keeper thereof, or by a printed book published by the authority of such corporation."

And complementing this provision §436 of the same code provides:

"Section 436.—Whenever a copy of a writing is certified for the purpose of evidence, the certificate must state in substance that the copy is correct copy of the original, or of a specified part thereof, as the case may be. The certificate must be under the official seal of the certifying officer, if there be any, or if he be clerk of a court having a seal, under the seal of such court."

 It is true that abridged certificates are valid; but their use is permitted solely and exclusively when they are certificates used by the registrar of property pursuant to §281 of the Mortgage Law. Any other certificate of an official document must conform with the above-copied provisions of the Code of Civil Procedure.

 However, petitioner is correct in maintaining that the defect, if any, is curable. The defect only exists as to the form of the certificate and does not annul in any manner the validity of the obligation involved in the title. Therefore it is a curable defect.

For the reasons stated, the appeal must be sustained and the record of the document is hereby ordered, but with the curable defect that there has not been attached a certified copy of the agreement of the municipal assembly establishing the fact that the lot in question was granted to the purchaser prior to the sale.